**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| VANDAIRE KNOX, (B42692), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 22-cv-5179 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| | ) | |
| TRENT ALLEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 22, 2022, petitioner Vandaire Knox ("Knox" or "petitioner"), an inmate at the Danville Correctional Center, brought this *pro se* habeas corpus action, (Dckt. #11), against respondent Trent Allen (the current warden at Danville), pursuant to 28 U.S.C. §2254 to challenge his May 20, 2002 first-degree murder conviction in the Circuit Court of Cook County.[1] In particular, Knox asserts a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), based on his trial counsel's failure to call a witness at trial and present evidence to establish his innocence. Knox's argument is centered on his contention that trial counsel failed to interview or subpoena Lester Griffin, whose account Knox alleges would have corroborated his version of events. (*Id.* at 4). Petitioner also asserts that, although he raised the same issues in a state postconviction proceeding that had been pending since July 2020 when he filed this petition, any issue of exhaustion should be excused because of inordinate delay by the state trial court in resolving that postconviction proceeding. (*Id.*).

---

[1] This Court has jurisdiction over petitioner's 28 U.S.C. §2254 petition for a writ of habeas corpus pursuant to 28 U.S.C. §§1331, 2241, and 2254. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk's Office is ordered to substitute Warden Trent Allen as the respondent in this matter. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

For the reasons set forth below, the Court denies the petition and declines to issue a certificate of appealability.

## I.     BACKGROUND

The Court draws the following factual history from the Illinois Appellate Court opinions, *People v. Knox*, 2014 ILApp (1st) 120349-U (Ill.App.Ct. Sep. 30, 2014) (attached as Dckt. #18-1); *People v. Knox*, 2019 ILApp (1st)162527-U (Ill.App.Ct. Apr. 9, 2019) (attached as Dckt. #18-2).   State court factual findings, including facts set forth in a state court appellate opinion, have a presumption of correctness, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.   28 U.S.C §2254(e)(1); *Tharpe v. Sellers*, 583 U.S. 33, 34 (2018) ("[The state court's] factual determination is binding on federal courts . . . in the absence of clear and convincing evidence to the contrary."); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020); *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018).   The Court draws additional procedural history from the state court record, (Dckt. #18, *et seq.*).

### A.     Trial and Direct Review

On May 20, 2002, Knox entered a negotiated guilty plea to the charge of first-degree murder of Rodney Clifton, who was shot and killed in his car outside a Chicago nightclub on December 18, 1999.   (Dckt. #18-1 ¶¶4, 9).   Following the plea, the court sentenced Knox to a 35-year term of imprisonment.   (*Id.* ¶4).   Knox then filed a *pro se* post-trial motion alleging ineffective assistance of counsel because trial counsel "refused" to interview or subpoena Lester Griffin; Knox alleges that Griffin's account would have corroborated Knox's version of events. (Dckt. #18-2 ¶14).   The trial court permitted trial counsel to withdraw and appointed new counsel, who filed a motion for a new trial alleging that defense counsel "erred in not procuring witness Lester Griffin to testify on defendant's behalf . . . [because he] corroborated defendant's

testimony that the victim was outside his vehicle when the shooting occurred" because Griffin "saw four (4) people outside at the time of the shooting." (*Id.*). The trial court denied the motion for a new trial and sentenced petitioner to 45 years in prison. (*Id.* ¶15).

On appeal, the Illinois Appellate Court affirmed petitioner's conviction and sentence. (Dckt. #18-1). The court rejected claims that petitioner's sentence was excessive and that the trial court erred in permitting the State to impeach defendant with his prior felony convictions. (*Id.* ¶¶42, 48). Knox sought leave to appeal to the Supreme Court of Illinois, which denied his petition in January 2015. *People v. Knox*, 23 N.E.3d 1204 (Ill. Jan. 28, 2015) (Table). Knox petitioned for a petition for a writ certiorari with the United States Supreme Court but the Court denied his petition on October 5, 2015. *Knox v. Illinois*, 577 U.S. 846 (2015) (Mem.).

### B. Postconviction Petition

On April 26, 2016, Knox filed a *pro se* postconviction petition, alleging that he was denied effective assistance of counsel, in part because trial counsel failed to present the testimony of Lester Griffin. (Dckt. #18-2 ¶17). Knox attached to his petition a Chicago Police Department "Case Supplementary Report" indicating that Griffin stated "that he was walking when he heard 'loud voices' and observed '[a]pproximately four people in front of'" the nightclubs where Clifton was shot. (*Id.* ¶18). On June 17, 2016, the trial court summarily dismissed Knox's petition as frivolous and patently without merit. (*Id.* ¶19). Knox appealed, arguing that the trial court erred in summarily dismissing his postconviction petition because Griffin's statement "corroborate[d] his testimony that Clifton was standing outside the car at the time of the shooting and therefore 'substantiated' his 'theory of self-defense.'" (*Id.* ¶20).

On April 19, 2019, the Illinois Appellate Court affirmed, finding that Knox's claim of ineffective assistance of counsel was forfeited because it could have been raised on direct appeal,

and meritless even if it had not been forfeited. (*Id.* ¶24). The court emphasized that "there is no indication that Griffin observed the shooting, and he did not identify either Knox or Clifton." (*Id.* ¶27). The court thus found that Griffin's testimony did not outweigh other evidence in the record that Clifton was sitting in the car when Knox shot him. (*Id.*).

On September 25, 2019, the Illinois Supreme Court denied Knox's subsequent petition for leave to appeal the ineffective assistance of counsel claim. *People v. Knox*, 132 N.E.3d 318 (Ill. Sept. 25, 2019) (Table).

### C. Successive Postconviction Petition

On July 27, 2020, Knox filed a motion with the state trial court seeking leave to file a successive postconviction petition, again claiming ineffective assistance of trial counsel due to trial counsel's failure to present the testimony of Lester Griffin, and this time attaching an affidavit from Griffin, dated December 13, 2018. (Dckt. #18-3). On September 23, 2022, the court denied his motion, noting that even if Knox had not forfeited his claim by failing to raise it on direct appeal, Knox's claim failed on the merits because Griffin's affidavit "clearly indicates that trial counsel did investigate Griffin and attempted to present his testimony," but that Griffin "refused to cooperate." (Dckt. #18-4 at 5). Specifically, when trial counsel attempted to interview Griffin, he was turned away because Griffin "[did] not need no other drama" as he fought his own, unrelated criminal case. (*Id.*). The court concluded that trial counsel "was not objectively unreasonable for not presenting a witness who explicitly told counsel they would refuse to testify," and that trial counsel could not have prejudiced Knox "where Griffin's own attestation is that he would not have cooperated," so Knox failed to demonstrate the prejudice necessary to permit the filing of his successive postconviction petition. (*Id.* at 5–6).

### D.    Federal Petition

On September 22, 2022, Knox filed the instant petition, claiming ineffective assistance of counsel due to trial counsel's failure to present testimony from Griffin.   (Dckt. #11 at 3–4). Although he admits that his claim remains unexhausted, he nonetheless argues that the exhaustion requirement should be excused due to the state trial court's inordinate delay in resolving his motion for leave to file a successive postconviction petition, which he asserts has been pending since July 27, 2020.   (*Id.*).

## II.    ANALYSIS

Knox brings a claim for ineffective assistance of counsel in his habeas corpus petition. Respondent argues, in its answer, that petitioner's habeas petition is untimely, and is otherwise procedurally defaulted and meritless.   (Dckt. #17).

### A.    Knox's Habeas Petition Is Untimely.

A state prisoner filing a federal habeas corpus petition must do so within the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(2).   That period begins to run from the latest of certain dates set forth in the statute, including, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. §2244(d)(1)(A).   The Supreme Court has held that Section 2244(d)(1)(A) is comprised of two prongs—the "conclusion of direct review" and the "expiration of the time for seeking such review"—each of which "relates to a distinct category of petitioners."   *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).   "For petitioners," like Knox, "who pursue direct review all the way to [the Supreme] Court, the judgment becomes final . . . when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez*, 565 U.S. at 150.   However, "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." 28 U.S.C. §2244(d)(2).

Knox's judgment became final on October 5, 2015, when the Supreme Court of the United States denied his petition for a writ of certiorari on direct appeal. The one-year clock was paused when he filed his postconviction petition in state court on April 26, 2016, with 204 days accrued.[2] The clock began again on September 25, 2019, when the state supreme court denied Knox's petition for leave to appeal the appellate court's ruling on his postconviction petition. It ran for an additional 161 days until March 4, 2020. Knox did not file his federal habeas petition until September 22, 2022, over two years after the statute of limitations expired. Accordingly, his federal habeas petition is untimely.

### 1.      Knox's habeas petition is untimely even if the one-year statute of limitations began when he obtained Griffin's affidavit.

Under 28 U.S.C. §2244(d)(1)(D), the one-year period of limitation within which a prisoner must bring their federal habeas petition might be measured beginning on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "Time begins," in such a circumstance, "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Alongside his July 2020 motion for leave to file a successive postconviction petition, Knox

---

[2] Knox does not argue that the mailbox rule, which would deem his petition filed as of March 31, 2016, applies. (*See* Dckt. #18-7 at 2). Nonetheless, as the State points out, (Dckt. #17 at 7 n.1), his petition would be untimely even if the mailbox rule applied here. In that case, Knox accrued 178 days before the filing of his postconviction petition, and would have had 187 additional days—until March 30, 2020—to file his federal habeas petition in a timely manner. As discussed above, Knox did not file his petition until over almost two and one-half-years later on September 22, 2022.

attached an affidavit from Griffin dated December 13, 2018, which could arguably constitute a new "factual predicate" for Knox's ineffective assistance of counsel claim. (Dckt. #18-3 at 16).

As a preliminary matter, neither the existence of Griffin's affidavit nor the testimony contained therein is something that "could not have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D). Indeed, Knox recognized the legal significance of Griffin's testimony as early as his initial post-trial motion. (Dckt. #18-2 ¶14). Moreover, the Seventh Circuit has explained that even a new legal theory does not constitute a "factual predicate" that can justify an untimely habeas petition. *Anou Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).

Even if Griffin's affidavit *did* constitute a new factual predicate, the statute of limitations for Knox's habeas petition would have begun running on September 25, 2019 and expired on September 25, 2020. The statute of limitations was not tolled by Knox's filing of a motion seeking leave to file a successive postconviction petition. *Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir. 2009). Thus, Knox's September 2022 federal habeas petition would still have been untimely under this factual scenario.

> **2. Knox cannot rely on a claim of actual innocence to overcome the time bar.**

As part of his claim of ineffective assistance of counsel, Knox notes that "trial counsel failed to present evidence of petitioner's actual innocence, and newly discovered evidence to support such a claim." (Dckt. #11 at 3–4). A claim of actual innocence can constitute a "gateway" to review of a *habeas* claim that would otherwise be foreclosed by untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To the extent that Knox seeks to rely on the actual innocence gateway to bring his federal habeas claim, however, his efforts are unavailing. "A claim of actual innocence must be both credible and founded on new evidence." *Arnold v.*

7

*Richardson*, 14 F.4th 780, 782 (7th Cir. 2021) (cleaned up). Here, Knox seeks to rely on Griffin's affidavit describing the crime scene as evidence of actual innocence. But Griffin's affidavit describes only that he saw four people outside the car at the time of the shooting, without identifying who (whether Clifton, Knox, or anyone else) those people were. (*See* Dckt. #18-3 at 15–16). The Court does not find it "more likely than not that no reasonable juror would have found [Knox] guilty beyond a reasonable doubt" in light of this evidence. *Arnold*, 14 F.4th at 782.

Accordingly, because the Court finds that Knox's habeas petition is untimely, the Court declines to reach the merits of his claim.

### B. Knox's Inordinate Delay Argument Is Unavailing.

Finally, the Court briefly considers Knox's argument that he need not exhaust his claim of ineffective assistance of counsel because of the state court's "inordinate delay" in resolving his motion. (Dckt. #11 at 4). Knox's argument is meritless for a number of reasons. First, because Knox did not timely file his habeas petition, the Court does not need to reach the question of exhaustion. Second, regardless of whether Knox exhausted his claim for ineffective assistance of counsel, it was procedurally defaulted because, as the Illinois Appellate Court noted when dismissing his initial postconviction petition, Knox forfeited his ineffective assistance of counsel argument by failing to raise it on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991) (noting that a federal court presented with a habeas petition is barred from reviewing a question of federal law "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement"); *Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir. 1999) (finding a habeas claim procedurally defaulted where the Illinois Appellate Court had concluded that "because the claim could have been raised and

addressed on direct appeal, but was not, it was waived"). Lastly, the day after Knox filed the instant habeas petition, the state trial court denied him leave to file his successive postconviction petition. So, to the extent Knox seeks to bring a separate habeas claim based on delay in state court, it was mooted after the state court rendered his decision. *Williams v. Sheahan*, 80 Fed.Appx. 471, 472 (7th Cir. 2003); *Allen v. Duckworth*, 6 F.3d 458, 460 (7th Cir. 1993).

### C. Notice of Appeal Rights and Certificate of Appealability

Petitioner is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed.R.App.P. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. If he wishes the Court to reconsider its judgment, however, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed.R.Civ.P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed.R.Civ.P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed.R.App.P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed.R.Civ.P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed.R.Civ.P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed.R.App.P. 4(a)(4)(A)(vi).

The Court declines to issue a certificate of appealability. A certificate of appealability is appropriate only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."
*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot make a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate, much less disagree, with this Court's resolution of petitioner's claims. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. §2253(c)(2)); *Slack*, 529 U.S. at 484.

## CONCLUSION

For the foregoing reasons, petitioner's habeas corpus petition, (Dckt. #11), is denied. The Court declines to issue a certificate of appealability. The Clerk is instructed to enter judgment in favor of respondent and against petitioner.

**DATE: July 6, 2026**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**